

FILED

Jul 29 2016, 8:33 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jeremy K. Nix
Matheny, Hahn, Denman & Nix, L.L.P.
Huntington, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Katherine Modesitt Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Anthony A. May, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff*. | July 29, 2016 <br><br> Court of Appeals Case No. <br> 35A04-1603-CR-673 <br><br> Appeal from the Huntington <br> Superior Court <br><br> The Honorable Jeffrey R. <br> Heffelfinger, Judge <br><br> Trial Court Cause No. <br> 35D01-1012-FC-303 |

**Vaidik, Chief Judge.**

# Case Summary

Indiana Code section 35-50-6-1 provides that when defendants complete their terms of imprisonment, they are released to parole *or* probation. Here, when Anthony A. May violated his probation, the trial court sentenced him to serve two years of his previously suspended sentence in the Indiana Department of Correction and ordered him to return to probation when he completed his sentence. When May later completed his sentence, the DOC released him to parole instead of probation. Although May complied with the terms of his parole, the probation department filed a petition to revoke his probation because he failed to submit to monthly drug tests (which was a condition of his probation but not his parole). The trial court found that May violated his probation and sentenced him to serve the balance of his previously suspended sentence in the DOC.

Because the trial court ordered May to return to probation when he completed his sentence and May concedes that he was ordered to return to probation, we find that May was, in fact, on probation when he was released from the DOC and therefore violated it by failing to submit to monthly drug tests. But May's violation does not warrant revocation. Given that defendants are placed on parole *or* probation, the DOC placed May on parole, and May complied with the terms of his parole, it was reasonable for May not to report to probation before his release from parole. Accordingly, we find that the trial court abused its discretion in revoking May's probation and sentencing him to serve the

balance of his previously suspended sentence in the DOC.  We therefore reverse the trial court and remand with instructions for May to return to probation.

# Facts and Procedural History

[3]     In 2011, May was convicted of Class C felony nonsupport of a dependent child in Huntington Superior Court.  The trial court sentenced him to eight years, with four years executed in the DOC and four years suspended to probation. May's probation included the following condition:

> (6)  You shall not consume or possess alcohol.  You shall not consume, inhale, possess, or inject controlled substances unless prescribed by your physician.  You shall avoid any place where alcohol is sold as a primary commodity. You shall submit to drug/alcohol screens, at your own expense, if requested by the Probation Department as or when otherwise directed and test negative on all tests. _____ **Monthly.**

Appellant's App. p. 44.[1]

[4]     In 2014, the probation department filed a petition to revoke May's probation for failing to pay child support and to submit to monthly drug tests.  May admitted that he violated his probation, and the trial court sentenced him to serve two years of his previously suspended sentence in the DOC.  The trial court ordered that "[a]ll other terms of probation remain."  _Id._ at 89.  And May admitted that the trial court told him that he would still be on probation when he completed his two-year sentence for violating his probation.  Tr. p. 56.

---

[1] Although the conditions of May's parole did not include monthly drug tests, they prohibited him from being intoxicated and from using, possessing, or trafficking in a controlled substance.  Ex. A.

[5] May was released from the DOC to parole in February 2015. *See* Ex. A (Conditional Parole Release Agreement); Tr. p. 48. May then reported on a weekly basis to his parole officer in Allen County. May took a drug test through his parole officer in March 2015, and it was negative. May, however, did not report to his probation officer when he was released from the DOC. Consequently, he did not take any drug tests through the probation department.

[6] In May 2015, the probation department filed a second petition to revoke May's probation for "fail[ing] to submit to any monthly drug tests since being released from Indiana Department of Correction[] on or about February 11, 2015."[2] Appellant's App. p. 102. At the probation-revocation hearing, May testified that when he was released from the DOC to parole in February 2015, the DOC told him that he was on parole, not probation.[3] Noting that parole was a function of the executive branch and therefore had no effect on the terms of May's probation, the trial court found that May violated his probation for failing to submit to monthly drug tests and sentenced him to serve the balance of his previously suspended sentence in the DOC.[4]

---

[2] The State also alleged that May violated his probation for failing to pay child support, but the trial court did not find that May violated his probation for this reason. *See* Tr. p. 65. Therefore, we address only May's failure to submit to monthly drug tests.

[3] The State objected to some of May's testimony on this point on hearsay grounds, and the trial court sustained the objection. Nevertheless, both parties mention in their appellate briefs that May claimed the DOC told him that he was being released to parole, not probation.

[4] The trial court's order actually provides that May must serve the "balance of [his] original sentence." Appellant's App. p. 107, 108 (abstract of judgment showing that May was sentenced to *eight* years, minus credit for the time he had already served). However, when a defendant is found to have violated probation, the court may "[o]rder execution of all or part of the sentence *that was suspended* at the time

[7] May now appeals.

# Discussion and Decision

[8] May contends that the trial court abused its discretion in finding that he violated his probation for failing to submit to monthly drug tests and in revoking his probation and sentencing him to serve the balance of his previously suspended sentence in the DOC.

[9] Probation revocation is a two-step process. First, the trial court must determine that a violation of a condition of probation actually occurred. *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008). Second, if a violation is proven, then the trial court must decide whether the violation warrants revocation of probation. *Id.* If the trial court finds that the probationer violated a condition of probation, the court has several options:

> (1) Continue the person on probation, with or without modifying or enlarging the conditions.
>
> (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.
>
> (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

---

of initial sentencing." Ind. Code § 35-38-2-3(h) (emphasis added). Four years were suspended at the time of May's initial sentencing. Nevertheless, because we conclude that the trial court abused its discretion in revoking May's probation, we do not need to address this issue any further.

Ind. Code § 35-38-2-3(h).

[10] May first argues that he did not violate his probation because when he was released from the DOC in February 2015, the DOC told him that he was on parole, not probation. Indiana Code § 35-50-6-1 provides that when a defendant completes his term of imprisonment, he can be released in one of three ways:

> (a) Except as provided in subsection (d) or (e), when a person imprisoned for a felony completes the person's fixed term of imprisonment, less the credit time the person has earned with respect to that term, the person shall be:
>
>> (1) released to parole . . .;
>>
>> (2) discharged upon a finding by the committing court that the person was assigned to a community transition program and may be discharged without the requirement of parole; *or*
>>
>> (3) released to the committing court if the sentence included a period of probation.

(Emphasis added).

[11] Here, the trial court specifically ordered May to return to probation when he completed his two-year sentence. And May admits that he was ordered to return to probation. Accordingly, when May was released from the DOC in February 2015, he was on probation. May therefore violated his probation by failing to submit to monthly drug tests.

[12] But this does not mean that May's probation should have been revoked. Even in the face of a probation violation, the trial court may nonetheless exercise its discretion in deciding whether to revoke probation. *Woods*, 892 N.E.2d at 641. For example, lack of volition is a factor for the trial court to consider when deciding whether to revoke probation. *Id.* (giving as example a probationer not reporting to his probation officer because he was in a coma in a hospital); *Sullivan v. State*, No. 16A01-1512-CR-2175, 2016 WL 3639909 (Ind. Ct. App. July 8, 2016) (concluding that the trial court abused its discretion in revoking the defendant's community-corrections placement for failing to report to start home detention because the defendant was in a mental-health hospital on the day he was to report).

[13] When defendants complete their terms of imprisonment, they are released to parole *or* probation. *See* Ind. Code § 35-50-6-1. When May was released from the DOC in February 2015, the DOC placed him on parole under a Conditional Parole Release Agreement. He saw his parole officer every week, took a drug test (which was negative), and was successfully discharged from parole in December 2015. Given that defendants are placed on parole *or* probation, the DOC placed May on parole and told him that he was not on probation, and May complied with the terms of his parole, it was reasonable for May not to report to probation before his release from parole. *See* Tr. p. 63 (May's trial counsel explaining that she had never seen someone released to parole "when the Court's Order states that you are to be released on probation"). Under these circumstances, we find that the trial court abused its discretion in revoking

May's probation and sentencing him to serve the balance of his previously suspended sentence in the DOC. We therefore reverse the trial court and remand with instructions for May to return to probation. *See* I.C. § 35-38-2-3(h).

[14] Reversed and remanded.

Barnes, J., and Mathias, J., concur.